IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Stacey Middleton and Luke Nicolosi III, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:11-CV-00130-WCO |
| Stripland Motor Company, Inc., a Georgia Corporation, and Stripland Motor Company d/b/a S&S Towing and David W. Stripland, individually, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Stacey Middleton ("Plaintiff"), and brings this action against Defendants, Stripland Motor Company, Inc., Stripland Motor Company d/b/a S&S Towing, and David W. Stripland (collectively "Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1.  Plaintiff Stacey Middleton, Jr. is a resident of Forsyth County, Georgia and is a former employee of Defendants. Plaintiff performed work for Defendants in Forsyth County, Georgia.

2. Plaintiff Luke Nicolosi III is a resident of Forsyth County, Georgia and is a former employee of Defendants. Plaintiff performed work for Defendants in Forsyth County, Georgia.

3. Defendant, Stripland Motor Company, Inc. is a Georgia corporation that, among other things, sells used vehicles. Defendant operates and conducts business in, among others, Forsyth County, Georgia, and is therefore, within the jurisdiction of this Court.

4. Defendant Stripland Motor Company d/b/a S&S Towing ("S&S Towing") is an affiliated company of Stripland Motor Company, Inc. S&S Towing operates and conducts business in, among others, Forsyth County, Georgia, and is therefore, within the jurisdiction of this Court.

5. Defendant, David W. Stripland is an adult resident citizen of Forsyth County, Georgia, who owns and operates Stripland Motor Company, Inc. and S&S Towing and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Stripland Motor Company, Inc., and S&S Towing, David W. Stripland is an employer as defined by 29 U.S.C. § 201 *et. seq.*

6. This action is brought under the FLSA to recover from Defendants unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

8. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

9. Defendants had two or more employees of the enterprise engaged in commerce or in the production of goods for commerce, had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or had two or more employees who otherwise individually met the traditional test of individual coverage.

10. Plaintiffs were individually covered by the FLSA as they engaged in commerce, were involved in the production of goods for commerce, or otherwise utilized the instrumentalities of commerce.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Plaintiff Middleton was employed by Defendants from 2003 through June 2010.

14. Plaintiff Middleton was an hourly paid employee of Defendants.

15. Defendants paid Plaintiff Middleton $14.00 per hour for work performed for Defendants.

16. Plaintiff Middleton performed various duties for Defendants, including office work, collections work and driving a tow truck.

17. Plaintiff Nicolosi was employed by Defendants from 2005 through October 2009.

18. Plaintiff Nicolosi was an hourly paid employee of Defendants.

19. Defendants paid Plaintiff Nicolosi $18.00 per hour for work performed for Defendants.

20. Plaintiff Nicolosi performed various duties for Defendants, including shop work and driving a tow truck.

21. In their jobs with Defendants, both Plaintiffs handled or otherwise worked on goods or materials that had been moved in or produced for commerce by any person.

22. Plaintiffs performed work for both Stripland Motor Company, Inc. and S&S Towing.

23. Defendants are an integrated enterprise under the FLSA because they share a common office, location, employees, ownership and had integrated financial and payroll information.

24. Plaintiffs worked more than 40 hours in a workweek for one or more workweeks while employed by Defendants.

25. Defendants paid Plaintiffs straight time, rather than time and a half, for all hours worked over 40 in a workweek.

26. Defendants failed to comply with 29 USC §§ 201-209, because Defendants did not compensate Plaintiffs at time and a half of their hourly rate for those hours worked by Plaintiffs in excess of 40 within a workweek.

## COUNT ONE
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiffs reassert and incorporate by reference all allegations contained within the previous paragraphs.

28.  During their employment with Defendants, Plaintiffs worked more than forty (40) hours in one or more workweeks while employed by Defendants.

29.  Defendants failed to pay Plaintiffs time and a half of their regular rates of pay for overtime hours that they worked, in violation of the FLSA.

30.  Defendants willfully, intentionally, and/or recklessly failed to properly pay Plaintiffs for their overtime hours during one or more weeks of their employment, in violation of the FLSA.

31.  Upon information and belief, Defendants' failure to properly compensate Plaintiffs for their overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

**DAMAGES AND REQUESTED RELIEF**

32.  As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiffs at time and one half compensation for hours worked over forty (40) in a workweek, Plaintiffs have suffered damages and incurred reasonable attorney's fees and costs.

33.  As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiffs are entitled to back wages and liquidated

damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

34. Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs demand as follows:

a) payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207;

b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c) declaratory relief pursuant to the DJA and FLSA finding that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA;

d) pre-judgment and post-judgment interest where applicable;

e) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

f) all other relief that the Court deems just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
       Jennifer M. Bermel, # 794231
       Justin M. Ross
       2600 One Commerce Square
       Memphis, Tennessee 38103
       Tel: (901) 333-1844
       Fax: (901) 333-1897
       Email: jbermel@forthepeople.com
            jross@forthepeople.com

DATED: May 25, 2011