## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

For and in consideration of the Settlement Payment and other consideration described herein, STACEY MIDDLETON ("MIDDLETON"), LUKE NICOLOSI, III ("NICOLOSI"), STRIPLAND MOTOR COMPANY, INC. ("STRIPLAND MOTOR"), STRIPLAND MOTOR COMPANY d/b/a S & S TOWING ("S & S"), and DAVID W. STRIPLAND ("STRIPLAND") enter into this Settlement Agreement and Release of Claims (hereinafter referred to as the "Agreement").

1. **Consideration:** The consideration described herein is payable subject to the Court's approval of the Stipulation of Judgment.

    a. **MIDDLETON.** STRIPLAND MOTOR, S & S and STRIPLAND (collectively the "Defendants") agree to pay to MIDDLETON the total sum of Three Thousand Two Hundred Fifty Dollars ($3,250.00) in consideration for MIDDLETON's compliance with her obligations under this Agreement as follows:

        I. One Hundred Ninety Dollars ($190.00) as back wages, less statutorily required deductions, and One Hundred Ninety Dollars ($190.00) as liquidated damages within ten (10) calendar days of the Court's approval of the Stipulation of Judgment and receipt by the Defendants of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

        II. Two Hundred Five Dollars ($205.00) as back wages, less statutorily required deductions, and Two Hundred Five Dollars ($205.00) as liquidated damages in seven (7) monthly installment payments on the 25th day of each month beginning in the month following the Court's approval of the Stipulation of Judgment and receipt by the Defendants of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

    b. **NICOLOSI.** STRIPLAND MOTOR, S & S and STRIPLAND (collectively the "Defendants") agree to pay to NICOLOSI the total sum of Two Thousand Two Hundred Fifty Dollars and Two Cents ($2,250.02) in consideration for NICOLOSI's compliance with his obligations under this Agreement as follows:

        I. One Hundred Thirty Five Dollars ($135.00) as back wages, less statutorily required deductions, and One Hundred Thirty-Five Dollars ($135.00) as liquidated damages within ten (10) calendar days of the Court's approval of the Stipulation of Judgment and receipt by the Defendants of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

        II. One Hundred Forty-One Dollars and Forty-Three Cents ($141.43) as back wages, less statutorily required deductions, and One Hundred Forty-One Dollars and Forty-Three Cents ($141.43) as liquidated damages in seven (7) monthly installment payments on the 25th day of each month beginning in the month following the Court's approval of the Stipulation of Judgment and receipt by the Defendants of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

1

c. **Taxes.** MIDDLETON AND NICOLOSI agree to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them, and that they will hold harmless and indemnify the Defendants against the assertion of any claim for any such taxes, assessments, or related interest or penalties. W-2 tax forms will be issued to MIDDLETON and NICOLOSI for the back wage payments. 1099 tax forms will be issued to MIDDLETON and NICOLOSI for the liquidated damages payments. MIDDLETON AND NICOLOSI acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

MIDDLETON AND NICOLOSI further agree that the consideration stated herein fully compensates them for any and all alleged back wages, overtime wages, damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further wages, pay, overtime compensation or relief. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

d. **Plaintiffs' Counsel.** The Defendants agree to pay the total sum of Three Thousand Dollars ($3,000.00) to Plaintiffs' attorneys Morgan & Morgan as follows:

i. Three Hundred Fifty Dollars and One Cent ($350.01) within ten (10) calendar days of the Court's approval of the Stipulation of Judgment and receipt of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

ii. Three Hundred Seventy-Eight Dollars and Fifty-Seven Cents ($378.57) in seven (7) monthly installment payments on the 25th day of each month beginning in the month following the Court's approval of the Stipulation of Judgment and receipt of the Settlement Agreement executed by MIDDLETON AND NICOLOSI.

e. **Other Fees and Costs.** Plaintiffs and their counsel shall have no claim to any payments other than the foregoing. All parties will bear their respective attorneys' fees and costs.

2. **Dismissal of Lawsuit With Prejudice**: MIDDLETON and NICOLOSI are the plaintiffs in a case styled Stacey Middleton and Luke Nicolosi, III vs. Stripland Motor Company, Inc., and Stripland Motor Company d/b/a S & S Towing, and David W. Stripland, Civil Action Case No. 2:11-CV-0130-WCO ("Lawsuit"), which is in the United States District Court for the Northern District of Georgia, Gainesville Division. By executing this Agreement, MIDDLETON and NICOLOSI and their counsel have agreed to dismiss the Lawsuit with prejudice as soon as practicable, but not more than 5 working days following the court's approval of the Stipulation of Judgment.

3. **Release of Claims and Covenant Not to Sue**: In consideration of this Settlement Agreement, MIDDLETON and NICOLOSI hereby irrevocably and unconditionally settle, waive, release and discharge all claims asserted in the pleadings filed in the Lawsuit.

4. **No Future Application For or Acceptance of Employment**: MIDDLETON and NICOLOSI shall neither apply for nor accept future employment with the Defendants. MIDDLETON and NICOLOSI recognize that, should they be employed by any entity that is later acquired by the Defendants or any of its subsidiaries or affiliates, their employment will be terminated.
2

5. **Non-Admission of Wrongdoing**: MIDDLETON and NICOLOSI acknowledge that the Defendants deny that they have violated any law, statute, regulation or other legal duty relating to them. MIDDLETON and NICOLOSI further understand and agree that this Agreement is for the compromise of potential and disputed claims and that neither this Agreement nor the consideration provided herein shall be construed to be an admission of liability or wrongdoing on the part of the Defendants.

6. **Non-Disparagement**: MIDDLETON and NICOLOSI agree that they will not make negative, disparaging, or critical remarks about the Defendants, or any past or present employees, officers, directors or agents of the Defendants.

7. **Enforcement of Agreement**: The parties hereto agree that nothing within this Agreement constitutes a waiver of a party's right to enforce the obligations contained within this Agreement. The parties also agree that each provision in this Agreement is a material provision and that failure of any party to perform any one provision hereof shall be the basis for a party's right to pursue an action at law for such breach. Any party may waive or excuse the failure of any other party to perform any provision of this Agreement, provided, however, that any such waiver shall not preclude the enforcement of this Agreement upon any subsequent breach, whether or not similar in character, to any waived breach. The parties further agree that in the event that suit is instituted to enforce any of the rights of the parties to this Agreement, the prevailing party in such litigation shall be entitled, as additional damages, to attorneys' fees and costs reasonably incurred in the enforcement of this Agreement.

8. **Choice of Law**: Should an action for enforcement of this Agreement be brought by either party, jurisdiction for such action shall be exclusively, in any Georgia court of competent jurisdiction.

9. **Acknowledgement**: MIDDLETON and NICOLOSI represent and warrant that:

   a. they are fully authorized to execute this Agreement and that they have not assigned, transferred or pledged all or any portion of the claims hereby released;

   b. they are represented by counsel and consulted with counsel before signing this Agreement;

   c. they accept this Agreement knowingly and voluntarily, and they were not intimidated, coerced or pressured.

10. **Complete and Entire Understanding and Enforceability**: The foregoing constitutes the complete and entire understanding of the parties, and no modifications or additions shall be valid unless in writing and signed by all parties. If any provision of this Agreement shall be held invalid or unenforceable, the remainder of this Agreement shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

**MIDDLETON and NICOLOSI DECLARE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTAND THIS AGREEMENT, AND EXECUTE THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

**Signatures:**

9/1/11
Date

*/s/ Stacy Middleton*
STACY MIDDLETON

_____
Date

LUKE NICOLOSI, III

9/13/2011
Date

*/s/ [signature]*
An authorized representative of STRIPLAND MOTOR COMPANY, INC.

9/13/2011
Date

*/s/ David W. Stripland*
An authorized representative of STRIPLAND MOTOR COMPANY d/b/a S & S TOWING

9/13/2011
Date

*/s/ David W. Stripland*
DAVID W. STRIPLAND

4