IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| STACEY MIDDLETON and : <br> LUKE NICOLOSI, III : <br>   : <br> Plaintiff, : <br>   : <br> v.   : <br>   : <br> STRIPLAND MOTOR COMPANY, : <br> INC., a Georgia Corporation, : <br> STRIPLAND MOTOR COMPANY : <br> d/b/a S&S TOWING and DAVID : <br> W. STRIPLAND, : <br>   : <br> Defendants. : | CIVIL ACTION <br> NO. 2:11-CV-00130-WCO |

## **ORDER**

The captioned case is before the court for consideration of the parties' "Joint Motion for Approval of Settlement" [9].

On September 14, 2011, the parties filed a notice of settlement with the court indicating that they had agreed to settle this matter. Since plaintiffs asserted claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the parties filed copies of the settlement agreements with the court for approval.

Under *Lynn's Food Stores, Inc. v. United States ex rel. United States Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982), a district court is required to scrutinize the fairness of FLSA settlements. Since there are often "great inequalities in bargaining

power between employers and employees" the provisions of the FLSA are mandatory; they cannot be contracted around or bargained away by employers and employees. *Id.* at 1352. "FLSA rights cannot be abridged by contract or otherwise because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (quotation omitted). Thus, a stipulated judgment may be entered in an FLSA action only where a court determines that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

After reviewing the settlement agreement and the parties' description of the settlement negotiations, the court will approve this settlement. There is a bona fide dispute over FLSA provisions in this case. Moreover, the court finds that the settlement agreement is a fair and reasonable solution of this dispute. The damages awarded to plaintiffs and the fees awarded to plaintiffs' attorneys were negotiated completely separately. The attorney's fee award was not negotiated until *after* an agreement was reached on the damages award. The settlement agreement is thus approved and this case will be dismissed with prejudice.

For the foregoing reasons, the parties' "Joint Motion for Approval of Settlement" [9] is hereby **GRANTED**.  The settlement in this matter is hereby **APPROVED**.  This case is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 19th day of September, 2011.

                                            s/*William C. O'Kelley*
                                            WILLIAM C. O'KELLEY
                                            Senior United States District Judge